[Cite as *State v. Hickey*, 2017-Ohio-9060.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 17-CA-38 |
| AUSTIN M. HICKEY | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Licking County Court of
Common Pleas, Case No. 17 CR 073


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    December 14, 2017


APPEARANCES:


For Plaintiff-Appellee           For Defendant-Appellant


HAWKEN FLANAGAN           STEPHEN T. WOLFE
Assistant Prosecuting Attorney     Wolfe Law Group, LLC
Licking County, Ohio           1350 W. 5th Ave., Suite 124
20 South Second Street, 4th Floor   Columbus, Ohio 43212
Newark, Ohio 43055

*Hoffman, J.*

**{¶1}** Defendant-appellant Austin Hickey appeals the judgment entered by the Licking County Common Pleas Court convicting her of conspiracy to commit felonious assault (R.C. 2903.11(A)(2), 2923.01) and sentencing her to a term of incarceration of three years.   Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** During the overnight hours between January 31, 2017, and February 1, 2017, Appellant and the victim made plans to get together.   Appellant picked the victim up and drove him to Everett Park in Newark, Ohio, where she parked near a shelter house at the back of the park.

**{¶3}** After Appellant parked, Andrew Painter and Shadow Gibson approached the vehicle.   Painter held a black handgun, and Gibson held an aluminum baseball bat. The victim opened the passenger door and ran toward the park entrance.   Appellant chased him striking him with her car, throwing him through a fence.   Gibson then caught up to him and began striking him with the baseball bat, punching him, and kicking him.

**{¶4}** After Appellant, Gibson and Painter left the park, the victim made his way to a residence where law enforcement and emergency personnel responded.  The victim suffered from numerous injuries, including a broken back and broken ribs.

**{¶5}** Appellant was indicted with one count of felonious assault in violation of R.C. 2903.11, a felony of the second degree.  On May 22, 2017, she withdrew her not guilty plea and entered a no contest plea to an amended charge of conspiracy to commit felonious assault, a third degree felony, in violation of R.C. 2923.01 and R.C. 2903.11.

The same day the Licking County Common Pleas Court sentenced her to the maximum term of incarceration of three years.

{¶6} Appellant prosecutes her appeal from this May 22, 2017 judgment of the court, assigning as error:

{¶7} "THE TRIAL COURT ERRED AND IMPOSED A SENTENCE CONTRARY TO LAW WHEN IT ORDERED APPELLANT TO SERVE THREE YEARS OF INCARCERATION, THE MAXIMUM PRISON SENTENCE FOR A FELONY OF THE THIRD DEGREE."

{¶8} Appellant argues the record does not support imposition of the maximum sentence.

{¶9} R.C. 2953.08(G)(2) sets forth the standard of review for all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, ¶ 1. When hearing an appeal of a trial court's felony sentencing decision, "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." R.C. 2953.08(G)(2).

{¶10} Pursuant to R.C. 2953.08(G)(2), an appellate court may only "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the court finds by clear and convincing evidence "(a) [t]hat the record does not support the sentencing court's findings[,]" or "(b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b). "An appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in

R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers,* 12th Dist. Butler No. CA2015–06–100, 2016–Ohio–2890, ¶ 8, *citing State v. Moore*, 12th Dist. Clermont No. CA2014–02–016, 2014–Ohio–5191, ¶ 6.

{¶11} Under R.C. 2929.11(A), the "overriding purposes" of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A).

{¶12} R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶13} Among the various factors the trial court must consider and balance under R.C. 2929.12 are: (1) serious physical, psychological, or economic harm to the victim as a result of the offense; (2) whether the offender has a history of criminal convictions; (3) whether the offender has not responded favorably to sanctions previously imposed by

criminal convictions; and (4) whether the offender shows genuine remorse for the offense. R.C. 2929.12.

**{¶14}** R.C. 2929.11 and 2929.12 require consideration of the purposes of felony sentencing, as well as the factors of seriousness and recidivism. *See State v. Mathis*, 109 Ohio St.3d 54, 846 N.E.2d 1, 2006–Ohio–855, ¶ 38.

**{¶15}** Appellant acknowledges the court stated it considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12, but argues the maximum sentence is not justified by the record. She argues she had no prior felony convictions, was homeless, and suffered from addiction at the time of the incident. She argues she was enrolled in college and planned to pursue a career in civil engineering, and had maintained employment at the same location for six years. She further notes she expressed remorse at the sentencing hearing, and while incarcerated during the pendency of the case completed the Step One program, attended substance abuse meetings, and became involved with programs to address mental health issues. Four people spoke on her behalf at sentencing, stressing she could become a productive member of society with treatment. Finally, she argues the State recommended a prison sentence, but deferred to the court as to the length of the sentence.

**{¶16}** However, the recitation of facts set forth by the State, which Appellant agreed with on the record, reflected the victim was seriously injured, breaking his back and ribs. While Appellant claimed she did not intentionally run him over with her car, the court noted she "certainly intended to lure him there where he could be accosted by other people and attacked or robbed." Tr. 26. The court further stated Appellant served a

probation violation from a drug case in 2014, in which she did not successfully complete drug treatment and failed to appear for probation hearings.  Tr. 27.  Based on the record of the sentencing hearing, we find the sentence is not clearly and convincingly contrary to law.

{¶17}  The assignment of error is overruled.  The judgment of the Licking County Common Pleas Court is affirmed.


By: Hoffman, J.

Delaney, P.J.  and

Wise, Earle, J. concur